IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BEN STRICKLAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-24-00342-PRW |
| ) | |
| EVERETT ALDOERFFER, and ) | |
| STEPHEN BRUCE & ASSOCIATES, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is Defendants' Motion to Dismiss (Dkt. 7) and the "Objections" (Dkt. 8) filed by pro se Plaintiff Ben Strickland, which the Court liberally construes as his response. Defendants did not file a reply. For the reasons discussed below, the Court **GRANTS** the Motion (Dkt. 7).

### *Background*

This case arises out of Defendants' representation of non-party Discover Bank in *Discover Bank v. Ben L. Strickland*, District Court of Oklahoma County, State of Oklahoma, Case No. CS-2021-6118 (the "Collection Lawsuit"). Defendants represent that Defendant Stephen Bruce & Associates is the trade name of Stephen L. Bruce, P.C., the collection law firm that represents Discover Bank in the Collection Lawsuit, and that Defendant Everette Altdoerffer (incorrectly named Aldoerffer) is an attorney employed by Stephen L. Bruce, P.C. (Dkt. 7), at 1–2.

The Complaint provides little background as to the Collection Lawsuit, but Defendants' Motion (Dkt. 7) provides some clarity. On September 20, 2021, Discover

1

Bank sued Strickland to recover credit card indebtedness in the amount of $2,222.84. On June 21, 2022, the Oklahoma County District Court entered a money judgment against Strickland. Strickland filed a motion to vacate the judgment, which the court denied. Strickland appealed, and the Oklahoma Court of Civil Appeals denied his appeal on September 27, 2023. On October 3, 2023, Strickland filed his petition for certiorari in the appeal, which was denied on March 11, 2024. Strickland does not dispute this characterization of the facts, which an examination of the Collection Lawsuit docket sheet confirms.[1]

Strickland raises few factual allegations in his Complaint. He alleges that around June 2020, Defendants began "[a]ttempting to collect an alleged debt" that Strickland "purportedly" owed. They did so by initiating "a campaign of mail fraud." At some point, Strickland requested "an authentic and certified accounting copy of the record[,]" but Defendants did not oblige him. (Dkt. 1), at 4. Liberally construed, Strickland seems to assert that Defendants improperly misrepresented the identity of the true creditor in the Collection Lawsuit, which he says is non-party Discover Products, Inc., not Discover Bank. *Id.* at 5; *see also* (Dkt. 8), at 10. Strickland argues that Defendants' actions violated the Fair Debt Collection Practices Act, as well as various federal criminal statutes. Consequently, on April 5, 2024, he sued them for $75,000 in damages related to

---

[1] OSCN, Docket Case No. CS-2021-6118, District Court of Oklahoma County (Dkt. 7-3), (available at https://www.oscn.net/dockets/GetCaseInformation.aspx?db=oklahoma&number=CS-2021-6118&cmid=4011681).

2

Defendants "intentional infliction of emotional distress" and the expenses incurred in the Collection Lawsuit. *Id.* at 6.

## *Legal Standard*

In reviewing a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, the Court must satisfy itself that the pleaded facts state a claim that is plausible.[2] All well-pleaded allegations in the complaint must be accepted as true and viewed "in the light most favorable to the plaintiff."[3] Additionally, the Court must "draw all reasonable inferences in favor of the non-moving party[.]"[4] While factual allegations are taken as true, a court need not accept mere legal conclusions.[5] "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are not enough to state a claim.[6]

Although a court must take a complaint's well-pleaded allegations as true, when considering a Rule 12(b)(6) motion, "a federal court may take judicial notice of another court's publicly filed records if they have a direct relation to matters at issue."[7] Courts may also consider "facts which are a matter of public record[.]"[8] Such documents "may only be considered to show their contents, not to prove the truth of matters asserted therein."[9]

---

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

[3] *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (citation and internal quotation marks omitted).

[4] *Doe v. Woodard*, 912 F.3d 1278, 1285 (10th Cir. 2019) (citation omitted).

[5] *Khalik v. United Air Lines*, 671 F.3d 1188, 1190–91 (10th Cir. 2012).

[6] *Id.* (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 555).

[7] *Bruce v. City & Cnty. of Denver*, 57 F.4th 738, 741 n.3 (10th Cir. 2023) (collecting cases).

[8] *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) (citation omitted).

[9] *Id.* (citation and internal quotation marks omitted).

Finally, a court may also "review documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."[10]

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[11] Courts should not, however, "assume the role of advocate for the pro se litigant.[12] And the broad construction of a pro se plaintiff's complaint "does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based."[13] Because a pro se plaintiff "requires no special legal training to recount the facts surrounding his alleged injury," his pro se status does not overcome the rule that "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."[14] A court should only dismiss "a pro se complaint for failure to state a claim" where "it would be futile to give him an opportunity to amend."[15]

*Analysis*

**I.    Strickland's FDCPA claims are time-barred.**

Strickland seeks to bring a claim under 15 U.S.C. § 1692e, which provides that a "debt collector may not use any false, deceptive, or misleading representation or means in

---

[10] *Toone v. Wells Fargo Bank, N.A.*, 716 F.3d 516, 521 (10th Cir. 2013).

[11] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (collecting cases).

[12] *Id.*

[13] *Id.*

[14] *Id.* (collecting cases).

[15] *Gray v. Geo Grp., Inc.*, 727 F. App'x 940, 946 (10th Cir. 2018).

4

connection with the collection of any debt." The title of the Complaint specifically denotes subsections (2)(A), (4), (7), (8), (10), and (13). Strickland, however, provides scant factual allegations to substantiate these claims. He only alleges that "[o]pposing counsel used misleading representation on the inception of the petition. It must [u]se its own business name."[16] Taken as true, however, Strickland's FDCPA claims fall outside the statute of limitations.

A plaintiff must bring an FDCPA action "within one year from the date on which the violation occurs."[17] The time begins to run when the violation occurs, not upon its discovery.[18] Strickland alleges that Defendants initiated the Collection Suit and made the purported misrepresentation on September 20, 2021. Strickland filed the instant suit on April 5, 2024, well after the limitations period expired. He does not allege that Defendants took any actions violative of the FDCPA occurring on or after April 5, 2023. In response, Strickland argues that the Collection Lawsuit's judgment was void, so "[i]n essence, [he]

---

[16] Compl. (Dkt. 1), at 4. The Court takes judicial notice that Strickland already raised this argument in the Collection Lawsuit. *See, e.g.*, Pet. in Error (Dkt. 7-7), at 7 ("Opposing counsel mislead the [c]ourt by *misrepresentation* on the name of business entity the Discover Products Inc. is the third party yet pleaded under the name of Discover Bank. It must use its own name, thus violating the federal collection law (FDCPA). [sic]" (emphasis in original)). Accordingly, the Court may lack subject matter jurisdiction under the *Rooker-Feldman* doctrine, which precludes lower federal courts from reviewing federal claims (1) "actually decided by a state court" and (2) federal claims which are "inextricably intertwined with a state court judgment." *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1075 (10th Cir. 2004). Strickland maintains that he does not seek appellate review of the Collection Lawsuit. Compl. (Dkt. 1), at 1–2. To the extent the *Rooker-Feldman* doctrine is not implicated, the Court nonetheless finds that his FDCPA claims are time-barred.

[17] 15 U.S.C. § 1692k(d).

[18] *Rotkiske v. Klemm*, 589 U.S. 8, 10 (2019).

can file at any time and [in] any court."[19] This argument has no basis in law. Accordingly, his FDCPA claims are time-barred. The Court therefore **DISMISSES** them.

## II. The criminal statutes referenced in the Complaint do not create a private cause of action.

Strickland also attempts to bring claims under 18 U.S.C. §§ 1341, 1346, 3, and 4. But "[f]ederal criminal statutes that 'do not provide for a private right of action' are 'not enforceable through a civil action[.]'"[20] Nothing in Section 1341, which criminalizes mail fraud, "can be read as creating a private cause of action."[21] The same is true for Section 1346, which defines "scheme or artifice to defraud."[22] Similarly, Sections 3 and 4—which provide "for criminal liability to a person who operates as an accessory after the fact to a federal criminal offense" and to a person who conceals a felony, respectively—provide "no basis for imposing civil liability."[23] In response, Strickland nakedly asserts that Sections 1341 and 1346 "both fall into civil and criminal" without providing any argument for how the language creates private causes of action. He also notes that in his state court pleadings,

---

[19] Resp. (Dkt. 8), at 12.

[20] *Crownhart v. Colorado*, No. 24-1208, 2024 WL 3339916, at *2 (10th Cir. July 9, 2024) (quoting *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007)).

[21] *Id.*

[22] 18 U.S.C. § 1346.

[23] *Riles v. Prater*, No. CIV-22-599-R, 2022 WL 3268747, at *3 (W.D. Okla. Aug. 10, 2022) (discussing Section 3) (citing *Harding v. Watch Tower Bible & Tract Soc'y of N.Y.*, No. CIV-21-515, 2021 WL 7448748, at *3 (W.D. Okla. Aug. 12, 2021), *rec. adopted as modified*, 2022 WL 340589 (W.D. Okla. Feb. 4, 2022), *aff'd*, No. 22-6029, 2022 WL 3025816 (10th Cir. Aug. 1, 2022)); *White v. Fed. Bureau of Investigation*, No. 24-3179-JWL, 2024 WL 4723193, at *2 (D. Kan. Nov. 8, 2024) (discussing Section 4) (collecting cases).

he referenced 18 U.S.C. § 1962. But he makes no such reference in the Complaint. Accordingly, the Court **DISMISSES** Strickland's claims arising under Title 18.

### III.    Stephen Bruce & Associates is an improper party.

Defendants also argue that Stephen Bruce & Associates is not an entity capable of being sued. They assert that Stephen Bruce & Associates is the registered trade name for Stephen L. Bruce, P.C. The Court takes judicial notice of the Oklahoma Secretary of State's public records, which confirms this.[24] Strickland did not respond to this argument.

Generally, under Federal Rule of Civil Procedure 17(b), a non-corporate entity's capacity to be sued is determined "by the law of the state where the court is located . . . ." In Oklahoma, "a trade name is not a separate legal entity and does not offer plaintiff an additional party from which to obtain relief."[25] Because Stephen Bruce & Associates is a trade name and does not have a legal existence separate and distinct from Stephen L. Bruce, P.C., Strickland cannot state a plausible claim of relief against it.[26] The Court therefore **DISMISSES** Stephen Bruce & Associates from the present action.

### IV.    An award of attorney's fees is inappropriate at this time.

Defendants seek an award of attorney's fees under Section 1692k(a)(3) of the FDCPA. It provides that "[o]n a finding by the court that an action under this section was

---

[24] *See* Okla. Off. of the Sec'y of State, Certificate of Trade Name, Filing No. 220088055 (Dkt. 7-1), at 2 (available at https://www.sos.ok.gov/corp/corpInquiryFind.aspx).

[25] *Jordan v. Grace Living Centers*, No. CIV-19-654-G, 2020 WL 130147, at *2 (W.D. Okla. Jan. 9, 2020) (citations, footnote, and internal quotation marks omitted).

[26] *Id.*; *see also Lewis v. Am. Gen. Assur. Co.*, No. CIV.-00-1520-W, 2001 WL 36160929, at *2 (W.D. Okla. Feb. 26, 2001).

7

brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." Defendants assert that because Strickland's claims are meritless, his "goal in filing this case is nothing less than bad faith and for purpose of harassment."[27] Given Strickland's pro se status, however, the Court cannot conclude at this stage that he brought his complaint in bad faith and for the purpose of harassment. The Court therefore **DENIES** Defendants' request for attorney's fees.

## V.     The remainder of Strickland's complaint fails to state a claim.

Liberally construed, Strickland also appears to attempt to bring a claim for intentional infliction of emotional distress. Although Defendants did not mention this claim in their Motion, a "district court may sua sponte dismiss a pro se complaint for failure to state a claim only where it is 'patently obvious' that the plaintiff cannot prevail on the facts alleged, and allowing the plaintiff an opportunity to amend the complaint would be futile."[28] In Oklahoma, to state a claim for intentional infliction of emotional distress, a plaintiff must plead facts sufficient to show that "(1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct caused the plaintiff emotional distress; and (4) the emotional distress was severe."[29] The Complaint is devoid of facts bearing on any of these elements. Here, it is

---

[27] Mot. (Dkt. 7), at 17.

[28] *Bainum v. Sedgwick Cnty. Comm's*, 27 F. App'x 965, at 968 (10th Cir. 2001) (citations omitted).

[29] *Est. of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 855–56 (10th Cir. 2005)

patently obvious that Strickland cannot prevail on the facts alleged. The Court, however, does not conclude that amendment would be futile.

Accordingly, the Court **ORDERS** Strickland to file a motion for leave to file an amended complaint on or before March 18, 2025. Said motion must comport with the requirements of Local Civil Rule 15.1, and any proffered amended complaint must comport with the requirements of Federal Rules of Civil Procedure 8 and 10. Additionally, because the claims which the Court dismisses fail as a matter of law, amendment as to those claims would be futile. Strickland, therefore, may not seek to reassert them. The Court cautions Strickland that failure to file a motion seeking leave to amend on or before March 18, 2025, may result in dismissal of the entire Complaint pursuant to Federal Rule of Civil Procedure 41(b).

## *Conclusion*

Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** the Motion (Dkt. 7). The Court **GRANTS** the Motion and **DISMISSES** Strickland's (1) FDCPA claims, (2) claims arising under Title 18, and (3) claims against Stephen Bruce & Associates. The Court **DENIES** Defendants' request for attorney's fees.

**IT IS SO ORDERED** this 25th day of February 2025.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE